## STATE OF CONNECTICUT *v.* RAYNOR ROBINSON
### (AC 23576)

Flynn, West and DiPentima, Js.

Argued January 6—officially released March 16, 2004

*William D. O'Connor*, assistant public defender, for the appellant (defendant).

*Toni M. Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *Terri L. Sonneman*, assistant state's attorney, for the appellee (state).

WEST, J. The defendant, Raynor Robinson, appeals from the judgment of the trial court revoking his probation and imposing a sentence of thirty-eight months incarceration. On appeal, he claims that the court improperly allowed the state to present evidence at his probation revocation hearing that was not alleged in the arrest warrant affidavit, which he asserts violated his constitutional due process rights. We affirm the judgment of the trial court.

The following facts are relevant to our resolution of the defendant's appeal. Following his conviction of larceny and assault, the defendant was released on March 28, 2000, from incarceration and began his period of probation. On April 23, 2002, an arrest warrant for violation of probation was issued for the defendant, and the attached affidavit referred to the fact that he had been arrested twice during his term of probation. One of those arrests occurred on December 17, 2001, on a charge of possession of less than four ounces of marijuana. On July 16, 2002, the state provided the defendant with written notice of its intent to rely on other acts of misconduct in the probation revocation hearing, including an alleged April 11, 2002 beating of a child. On July 16, 2002, the defendant was found in violation of his probation on the basis of criminal offenses with which he was charged on December 17, 2001, and April 11, 2002.[1] The court committed the

---

[1] The court specifically found that "the state has shown beyond a fair preponderance of the evidence that on December 17, 2001, this defendant possessed a quantity of marijuana in the town of Manchester at the area of South Main Street and Interstate 384, based on the testimony of Officer Michelle Rice [of the Manchester police department] concerning the defendant, his proximity in the particular vehicle [and] the quantities recovered by the fellow officer . . . . So, therefore, the court would find that the defendant has, in fact, violated his probation by the commission of *various criminal acts* during the period of probation." (Emphasis added.)

defendant to the custody of the commissioner of correction for thirty-eight months. This appeal followed.

The only issue raised by the defendant on appeal is whether the court improperly allowed the state to present evidence at his probation revocation hearing of additional acts of misconduct that were not alleged in the April 23, 2002 arrest warrant affidavit. Specifically, he argues that he received no notice that any additional arrests or allegations of misconduct would be presented at his July 16, 2002 hearing until the day before it occurred. The defendant argues that the late arrival of the written notice and the absence of those additional acts of misconduct from the arrest warrant affidavit deprived him of a sufficient opportunity to prepare a defense and a fair hearing in violation of his due process rights. We cannot agree.

The defendant concedes that he did not preserve his claim at trial and therefore requests review pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).

We note at the outset that, on appeal, the defendant does not challenge the court's conclusion that his actions with respect to the December 17, 2001 drug possession arrest constituted an independent violation of his probation. Because he does not contest the court's finding that he violated his probation on the basis of the drug possession charge, "it is unnecessary to address the defendant's argument that he was not afforded adequate notice that he faced probation revocation" on additional grounds that were not alleged in the arrest warrant affidavit. *State* v. *Maye*, 70 Conn. App. 828, 838, 799 A.2d 1136 (2002). The drug possession charge, standing alone, provided a sufficient basis to revoke his probation.[2] The defendant concedes that he

[2] The defendant argues that if the court had barred the testimony concerning the alleged April 11, 2002 child beating, the arresting officer's testimony concerning the December 17, 2001 drug possession arrest would have been the only evidence that the defendant may have violated his probation. As

received adequate notice from the April 23, 2002 arrest warrant affidavit that the drug possession arrest would be considered at his revocation hearing.

The judgment is affirmed.

In this opinion the other judges concurred.

_____

previously stated, however, the court found that the defendant violated his probation as a result of his actions on December 17, 2001, alone. Because, as a condition of his probation, the defendant was prohibited from violating any state or federal criminal law, the court had sufficient grounds to revoke his probation on the basis of its finding that he had unlawfully possessed marijuana on December 17, 2001.